UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **WORKING DIRT LLC,** | Case No.: 16-cv-5444 YGR |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO PROCEED IN FORMA PAUPERIS AND REMANDING ACTION TO STATE COURT; DENYING MOTION TO SHORTEN TIME AS MOOT** |
| vs. | |
| **ROCKY D. RAYNOR,** | |
| Defendant. | Re: Dkt. Nos. 3, 11, 12 |

Defendant Rocky D. Raynor, Jr. in a *pro se* capacity removed this case from the Superior Court for the County of San Mateo where it was pending as an unlawful detainer action against defendant. Defendant filed a notice of removal on September 23, 2016 (Notice of Removal, Dkt. No. 1 ("NOR")), claiming to invoke this Court's federal question jurisdiction under 28 U.S.C. section 1443(1). Defendant concurrently moved to proceed *in forma pauperis*. (Dkt. No. 3.) On October 3, 2016, plaintiff filed a motion to remand the case to state court. (Dkt. No. 4.) Defendant did not respond in opposition and plaintiff likewise did not file any reply. On October 18, 2016, plaintiff filed a motion to shorten time. (Dkt. No. 12.)

Presently before the Court are defendant's motion to proceed *in forma pauperis*, plaintiff's motion to remand the case to superior court, and plaintiff's motion to shorten time. The Court having reviewed the papers,[1] and for the reasons set forth below, **GRANTS** defendant's application to proceed *in forma pauperis* and **GRANTS** plaintiff's motion to remand.  Plaintiff's motion to shorten time is therefore **DENIED AS MOOT**.

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that this motion is appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for November 8, 2016.

United States District Court
Northern District of California

## I.      Defendant's Motion to Proceed *In Forma Pauperis*

Defendant's application to proceed *in forma pauperis* adequately alleges his poverty. Defendant is not employed and his monthly expenses are the same as his nominal fixed monthly income. He does not own a home. Therefore, defendant qualifies for *in forma pauperis* status, and his application is GRANTED.

## II.      Plaintiff's Motion to Remand

Plaintiff argues that remand is appropriate on two separate and independent bases, namely that: (a) the notice of removal was untimely; and (b) plaintiff has not established any basis for subject matter jurisdiction. The Court agrees that remand is warranted on both accounts and addresses each in turn.

### a.   Timeliness of Removal

The removal statute, 28 U.S.C. section 1446, governs timeliness of removal and provides in pertinent part:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b). Failure to file a timely notice of removal waives a defendant's right to remove. *Cantrell v. Great Republic Ins. Co.*, 873 F.2d 1249, 1256 (9th Cir. 1989). Thus, if defendant did not file the notice of removal within 30 days of service of summons, the notice of removal is untimely and the action should be remanded.

Plaintiff argues, and the record shows, that defendant filed the notice of removal more than 30 days after he was served with summons. Specifically, defendant was served with summons and complaint by personal service on July 15, 2016. To be timely under 28 U.S.C. section 1446(b), therefore, defendant's notice of removal would have to have been filed in federal court no later than August 14, 2016. However, defendant did not file the notice of removal until more than a month later

1   on September 23, 2016. Because defendant did not timely file the notice of removal, he waived his

2   right to remove, and the action is due to be remanded on this basis alone.

3           **b.  Subject Matter Jurisdiction**

4           Remand is also appropriate because the Court lacks subject matter jurisdiction over this

5   action. A defendant in state court may remove an action to federal court so long as the action could

6   have originally asserted subject matter jurisdiction. 28 U.S.C. § 1441(a). The removing defendant

7   has the burden of proving the basis for the federal court's jurisdiction. *Nishimoto v. Federaman-*

8   *Bachrach & Assocs.*, 903 F.2d 709, 712 (9th Cir. 1990). Removal statutes are strictly construed

9   against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); *Takeda v.*

10  *Northwestern Nat'l. Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985).

11          In this case, the defendant argues that the Court has subject matter jurisdiction based on a

12  federal question. The "well-pleaded complaint" rule requires a federal question to be presented on

13  the face of a complaint at the time of removal for federal question jurisdiction to exist. *Duncan v.*

14  *Stuetzel*, 76 F.3d 1480, 1485 (9th Cir. 1996). An anticipated federal defense is not sufficient to

15  confer jurisdiction. *Caterpillar Inc. v. Williams*, 482 U.S. 386 (1987) (under the "well-pleaded

16  complaint" rule, a case may not be removed on the basis of a federal defense); *see also Wayne v.*

17  *DHL Worldwide Express*, 294 F.3d. 1179, 1183 (9th Cir. 2002) (existence of a defense based on

18  federal law is insufficient to support jurisdiction). Here, however, the complaint asserts only one

19  state law claim for unlawful detainer, and does not present any federal question. Defendant also does

20  not appear to raise a federal defense, and he therefore cites 28 U.S.C. section 1443(1) as a basis for

21  removal.[2]  (*See* NOR.)

22          28 U.S.C. section 1443(1) permits the removal of certain "civil rights cases."  A petition for

23  removal under section 1443(1) must satisfy a two-part test: (1) "the petitioner must assert, as a

24  defense to the [action], rights that are given to them by explicit statutory enactment protecting equal

25  racial civil rights;" and (2) the "petitioners must assert that the state courts will not enforce that

26

27  ――――――――――――――――――

28          [2]  Defendant also cites 28 U.S.C. sections 1350 and 1441 as bases for removal, but then
    presents no argument in support thereof. (*See* NOR.)  He therefore does not meet his burden to show
    removal was appropriate under these alternative theories.

United States District Court
Northern District of California

United States District Court
Northern District of California

right," with "reference to a state statute or constitutional provision that purports to command the state

courts to ignore the federal rights."  *Patel v. Del Taco, Inc.*, 446 F.3d 996, 998-99 (9th Cir. 2006).

Defendant argues that he will raise a defense to the unlawful detainer action pursuant to his

equal rights based *not on race* but on other constitutionally guaranteed rights he claims are protected

by 42 U.S.C. sections 1983 and 1985. (*See* NOR.)  Supreme Court and Ninth Circuit precedent

undoubtedly limit removal under section 1443(1) to only cases where it is predicated upon *racial*

discrimination. *Georgia v. Rachel*, 384 U.S. 780, 788-92 (1966) ("we conclude that the phrase 'any

law providing for equal civil rights' must be construed to mean any law providing for specific civil

rights stated in terms of racial equality."); *Patel*, 446 F.3d at 998-99, *supra*. Defendant has therefore

failed to establish that this Court has subject matter jurisdiction under 28 U.S.C. section 1443(1) or

otherwise.

Accordingly, the Court is without subject matter jurisdiction, and plaintiff's motion to

remand is **GRANTED**.

**III.    CONCLUSION**

Based upon the foregoing, defendant's motion to proceed *in forma pauperis* (Dkt. No. 3) and

plaintiff's motion to remand (Dkt. No. 11) are **GRANTED**.  Plaintiff's motion to shorten time (Dkt.

No. 12) is **DENIED AS MOOT**.

This Order terminates this case. The Clerk of the Court is directed to **REMAND** this action to

the Superior Court of the State of California, County of San Mateo.

**IT IS SO ORDERED.**

This terminates Dkt. No. 3, 11, and 12.

Dated October  20, 2016.

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**